IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

RODERICK L. BONNER,           §
(TDCJ No. 1454877)            §
VS.                          §    CIVIL ACTION NO.4:08-CV-248-Y
                             §
                             §
TARRANT COUNTY               §
SHERIFF'S DEPARTMENT, et al.  §

**AMENDED**[1]
OPINION and ORDER OF DISMISSAL UNDER 28 U.S.C. §§
  1915A(B) and UNDER 28 U.S.C. §§ 1915(e)(2)(B)

This case is before the Court for review of pro-se inmate and plaintiff Roderick L. Bonner's case under the screening provisions of 28 U.S.C. §§ 1915A and 1915(e)(2)(B). In this case, Bonner submitted a form civil rights complaint with attachments seeking relief under 42 U.S.C. § 1983. Bonner names as defendants the Tarrant County sheriff's department, a "John Doe" officer at the Tarrant County jail, and the medical department at the Tarrant County jail. (Compl. Style; § IV(B).) Bonner contends that while in the Tarrant County jail, he was called into a multipurpose room for evaluation by a nurse, and was directed to sit down in a chair, that subsequently collapsed causing him injuries to his arm, tooth, both knees, and head and shoulders. (Compl. § V, attachment pages 1-2.) Bonner alleges that the chair was broken by the John Doe officer prior to his being asked to sit down, which "caused the

---

[1]This order VACATES the order and Judgment entered October 15, 2008, and the clerk of Court should note this on the docket. The Court granted Roderick Bonner's motion for relief from judgment under Federal Rule of Civil Procedure 60(b)(6) in order to clarify that this order does not address any claims Bonner may have alleged or could allege under state law. *See* closing paragraph *infra*.

damage of my health and appearance." (Compl. § IV(B)). Bonner further alleges that he was scheduled for surgeries as a result of the incident, but was transferred to the Texas Department of Criminal Justice ("TDCJ") before the surgeries took place. He contends that the Tarrant County jail medical department did not send his medical records to TDCJ, and that as a result, TDCJ did not know of his medical restrictions and placed him on a top bunk, such that having to climb to the top bunk "caused more severe damage to [him]." (Compl. § IV(B), attachment page 1.) Bonner seeks damages of $600,000 from each defendant. (Compl. § VI.)

A complaint filed in forma pauperis that lacks an arguable basis in law should be dismissed under 28 U.S.C. § 1915.[2] Under 28 U.S.C. § 1915(e)(2)(B), a district court retains broad discretion in determining at any time whether an in-forma-pauperis claim should be dismissed.[3] Furthermore, as a part of the PLRA, Congress enacted 28 U.S.C. § 1915A, which requires the Court to review a complaint from a prisoner seeking relief from a governmental entity or governmental officer or employee as soon as possible after docketing.[4] Consistent with § 1915A is prior case law recognizing

---

[2]*Neitzke v. Williams*, 490 U.S. 319,328 (1989). Section 28 U.S.C. § 1915(e) *requires* dismissal not only when an allegation of poverty is untrue or the action is frivolous or malicious, but also when "the action . . . fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C.A. § 1915(e)(2)(A) and (B)(West 2006).

[3]*See* 28 U.S.C.A. § 1915(e)(2)(West 2006); *Adepegba v. Hammons,* 103 F.3d 383, 388 (5th Cir. 1996); *see also Wesson v. Oglesby,* 910 F.2d 278, 281 (5th Cir. 1990)(discussing authority to dismiss at any time under prior § 1915(d)).

[4]*See* 28 U.S.C.A. § 1915A(a)(West 2006).

Case 4:08-cv-00248-Y   Document 11   Filed 05/28/09   Page 3 of 7   PageID 74

that a district court is not required to await a responsive pleading to conduct its § 1915 inquiry.[5] Rather, § 1915 gives judges the power to "dismiss a claim based on an indisputably meritless legal theory."[6] After review of the complaint under these standards, the Court concludes that Bonner's claims must be dismissed.

Bonner has named the John Doe officer in both an individual and an official capacity. But a suit against a government official in an official capacity is essentially a suit against the government entity.[7] Also, Bonner has named the Tarrant County sheriff's department and the Tarrant County jail medical department. To the extent naming of these departments of Tarrant County, and Bonner's reference to official capacity, are efforts to maintain suit against Tarrant County, although a county is a "person" within the meaning of § 1983, it may not be held liable "unless action pursuant to official municipal policy of some nature caused a constitutional tort."[8] The Supreme Court, in *Monell v. New York City Department of Social Services,* emphasized that a local government entity cannot be held liable under § 1983 on a *respondeat superior* basis:

---

[5] *See Schultea v. Wood,* 47 F.3d 1427, 1434 (5th Cir. 1995).

[6] *See Id., citing Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

[7] *See Brooks v. George County, Mississippi,* 84 F.3d 157, 165 (5th Cir.) (explaining that a claim against a sheriff named in official capacity is suit against county), *cert. den'd,* 519 U.S. 948 (1996); *see Crane v. State of Texas,* 766 F.2d 193, 194 (5th Cir.)(finding that a district attorney in Texas acts as a county official),*reh'g denied,* 759 F.2d 412 (5th Cir.), *cert. den'd,* 474 U.S. 1020 (1985).

[8] *Monell v. New York City Dept.of Social Services*, 436 U.S. 658, 691 (1978).

3

> [T]herefore . . . a local government may not be sued
> under § 1983 for an injury inflicted solely by its
> employees or agents.  Instead, it is when execution of a
> government's policy or custom, whether made by its
> lawmakers or by those whose edicts or acts may fairly be
> said to represent official policy, inflicts the injury
> that the government entity is responsible under § 1983.[9]

Thus, § 1983 liability attaches "only where the municipality *itself* causes the constitutional violation at issue."[10] Bonner Perez has not provided any factual allegations whatsoever of a policy or custom against Tarrant County, Texas.   Thus, Plaintiff's claims against the Doe defendant in an official capacity, and his claims against the Tarant County departments must be dismissed under 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

In order to assert a claim for damages for violation of federal constitutional rights under 42 U.S.C. § 1983, a plaintiff must set forth facts in support of the required elements of a § 1983 action: (1) that he has been deprived of a right secured by the Constitution or laws of the United States; and (2) that the defendants deprived him of such right while acting under color of law.[11]  The constitutional rights of a pre-trial detainee flow from the procedural and substantive guarantees of the Fourteenth Amendment.[12]  The Fourteenth Amendment protects the detainee's right to be free from

---

[9]*Id.* at 694.

[10]*City of Canton v. Harris,* 489 U.S. 378, 385 (1989)(emphasis in original).

[11]*See West v. Atkins,* 487 U.S. 42, 48 (1988)(citing cases); *Resident Council of Allen Parkway Village v. U.S. Department of Housing and Urban Development,* 980 F.2d 1043, 1050 (5th Cir.), *cert. denied,* 510 U.S. 820 (1993).

[12]*Olabisiomotosho v. City of Houston,* 185 F.3d 521, 525-26 (5th Cir. 1999).

punishment prior to an adjudication of guilt.[13] The applicable legal standard in the Fifth Circuit, however, depends on whether the claim challenges a 'condition of confinement' or an 'episodic act or omission.'[14] A condition-of-confinement case is a constitutional attack on "general conditions, practices, rules, or restrictions of pretrial confinement."[15] A claim of episodic act or omission occurs when the "complained-of harm is a particular act or omission of one of more officials."[16] As Bonner's claims involve specific events, his claims are of an episodic act or omission.

The Fifth Circuit has held that the deliberate indifference standard normally associated with Eighth Amendment claims also applies with respect to episodic act or omission claims by pretrial detainees.[17] Under that standard, an inmate is required to allege facts that indicate officials were deliberately indifferent to his health or safety.[18] A detainee is required to establish that the defendant official has actual subjective knowledge of a substantial risk of serious harm but responds with deliberate indifference to

---

[13]*See Bell v. Wolfish,* 441 U.S. 520, 535 n.16 (1979).

[14]*Olabisiomotosho,* 185 F.3d at 526; *see also Hare v. City of Corinth,* 74 F.3d 633, 650 (5th Cir. 1996), *appeal after subsequent remand,* 135 F.3d 320, 327 (5th Cir. 1998).

[15]*Hare,* 74 F.3d at 644; *see also Scott v. Moore,* 114 F.3d 51, 53 (5th Cir. 1997)(*en banc*)(citing as examples such claims as "the number of bunks in a cell or his television or mail privileges").

[16]*Scott,* 114 F.3d at 53.

[17]*Hare*, 74 F.3d at 647-48.

[18]*Farmer v. Brennan,* 511 U.S. 825, 834 (1994).

5

that risk.[19]  Such a finding of deliberate indifference, though, "must rest on facts clearly evincing 'wanton' actions on the parts of the defendants."[20]  This subjective deliberate-indifference standard is now equated with the standard for criminal recklessness:

> [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference can be drawn that a substantial risk of serious harm exists, and he must also draw the inference.[21]

A review of Bonner's factual allegations indicate that he has not stated any claims that arise to such deliberate harm or wanton disregard of his rights.  With regard to the Doe defendant's actions in breaking the chair, Bonner does not allege that he did so with the intention of harming Bonner or anyone else.  Rather, Bonner claims that the officer should have "placed a red tag or anything to show the nurse the chair was broken." (Compl. attachment page 2.)  Such an allegation of failure to anticipate harm does not meet the standards enunciated above.  Likewise, Bonner acknowledges that "neither he nor the nurse could have known that the chair was broken." (Compl. attachment at 1.)  Again, such facts confirm that Bonner does not claim that he was asked to sit in the chair with any disregard for his health or safety.  Also, with regard to the failure of jail officials to send his medical information to TDCJ, Bonner does not

---

[19]*Hare,* 74 F.3d at 643 and 650.

[20]*Johnson v. Treen,* 759 F.2d 1236, 1238 (5th Cir. 1985); *see also Wilson v. Seiter,* 501 U.S. 294, 297 (1991).

[21]*Farmer,* 511 U.S. at 837; *see also Hare,* 74 F.3d at 648.

contend this was done intentionally or with any motive to cause him harm. And, Bonner acknowledges that he provided the information to the doctor evaluating him at TDCJ, and that he was given a top bunk assignment anyway. (Compl. attachment page 2.) Thus, none of Bonner's factual allegations satisfy the standard that the defendants were aware of a substantial risk of harm to him, and disregarded it. At most, Bonner's allegations might support a claim that jail officials were negligent. Allegations of negligence are not sufficient to maintain an action under 42 U.S.C. § 1983.[22] Thus, Bonner's claims for relief for violation of his constitutional rights under 42 U.S.C. § 1983 must be dismissed.

Therefore, all Plaintiff's claims under 42 U.S.C. § 1983 are DISMISSED WITH PREJUDICE[23] under 28 U.S.C. § 1915A(b)(1), and 28 U.S.C.§ 1915(e)(2)(B)(i) and (ii).

SIGNED May 28, 2009.

_Terry R. Means_
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

---

[22]*See, e.g., Daniels v. Williams,* 474 U.S. 327, 332 (1986) (concluding that the constitution "is simply not implicated by a negligent act of an official causing unintended loss of or injury to life, liberty, or property"); *Davidson v. Cannon*, 474 U.S. 344, 347-48 (1986)(stating that "lack of due care . . . simply does not approach the sort of abusive government conduct" which rises to the level of a constitutional violation); *Feagley v. Waddill,* 868 F.2d 1437, 1440 (5th Cir.1989)("negligence on the part of state officials does not suffice to make out any due process violation under the Fourteenth Amendment"), *citing Daniels,* 474 U.S. 327.

[23]To the extent plaintiff Roderick Bonner has alleged negligence or other state-law causes of actions against any defendant, the Court declines to exercise supplemental jurisdiction over such claims under 28 U.S.C. § 1367(c)(3), such that any such claims are DISMISSED WITHOUT PREJUDICE. Thus, the Court expressly notes that this Order does not affect Plaintiff's right to assert common-law negligence or other state-law claims in state court.